THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JORGE RODRÍGUEZ CAMACHO ET AL., Defendants and Appellants.

No. 11371. Argued June 4, 1946.—Decided July 5, 1946.

*Ernesto J. Fonfrías* and *Arturo Ortiz Toro* for appellants.  *E. Campos del Toro, Attorney General, Luis Negrón Fernández, First Assistant Attorney General, and J. Correa Suárez, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

Pablo Torres, Jorge Rodríguez, and José Celso Otero were convicted of the crime of burglary in the first degree.  After

the death of Pablo Torres, the prosecuting attorney at the trial moved for the dismissal of the information against said defendant, but continued the case against the other two. At the trial by the court without a jury both defendants were found guilty, and upon the overruling of a motion for a new trial filed by José Celso Otero, they were sentenced to one year imprisonment at hard labor. Both appealed but defendant Jorge Rodríguez did not file his brief. José Celso Otero filed his, and as a ground for his appeal he assigns as first error that the evidence is insufficient to support the judgment rendered against him.

The record shows that Rafael Alvarez, owner of a truck, delivered it to Pablo Torres and gave him money for lubrication. Torres, together with Otero, went in the truck to the ward of Espinosa where they met Jorge Rodríguez. Torres and Otero had been indulging in liquor and, upon meeting Rodríguez, they invited him to go with them to get more liquor. To this effect they all went to a small kiosk belonging to Antonio Mojica situated in the ward of Río Lajas, Toa Alta. Upon reaching the kiosk, at about eleven o'clock or midnight, they found it closed. They got off the truck and Torres with a rod broke open the only door of the establishment and entered into it with Jorge Rodríguez. Otero stayed in the truck asleep, according to him, because of the liquor he had drunk. Torres and Rodríguez removed all the stock from the kiosk and put it in the truck. At the very moment that Antonio Mojica, owner of the kiosk, who had been informed of the burglary, came to see what was happening, the three defendants left rapidly in the truck without being identified.

Antonio Mojica testified that a few days after the burglary was committed the defendants had a conversation with him and told him: " . . . that I should see what I could do for them, and how the matter could be settled; that they were willing to pay me more money than the provisions they had taken from my establishment were worth; that they had

never been involved in a matter like this; that they had done it because of some drinks they had had." And further on, upon being examined by the judge, he repeated: "They told me that they had entered the premises,[1] that they had broken into the store and carried away the whole stock in the truck."

Policeman Jovino de Jesús testified that during the investigation, which he carried out in this case at Police Headquarters in Toa Alta, the defendants stated that upon finding the kiosk closed they opened it and took the stock away. Upon being cross-examined by the defense, he testified thus:

"Defense: Who took away all these provisions that you are talking about?

"Witness: Pablo Torres admitted it in front of these two, the three defendants admitted it.

"Q.—And in whose possession were these provisions?

"A.—In the possession of . . .

"Q.—From whom did the detectives seize them?

"A.—It was the detective who seized them.

"Q.—You do not know from whom he seized them?

"A.—No, sir.

"Q.—Do you know if he seized them from this boy (pointing at one of the defendants), or from the other one (pointing at the other defendant)?

"A.—I took no part in it.

"Q.—Was it the detective who seized them?

"A.—Yes, sir."

Detective Wilfredo Martinó, who arrested the defendants, testified that Torres, in the presence of the other two defendants, told him that the three of them had robbed the kiosk; that when Torres made these statements Otero objected and stated that he (Otero) was intoxicated and had laid asleep in the truck while the others committed the burglary.

It should be noted that the detective and the policeman do not agree as to the admission which, according to policeman De Jesús, was made by the three defendants, for accord-

---

[1] It should be noted that this statement of the witness is in contradiction with the rest of the evidence which discloses that José Celso Otero at no time entered the establishment.

ing to the detective's testimony, as soon as Torres stated that the three of them had committed the burglary, Otero denied the charge as related above. Furthermore, it should be noted that policeman De Jesús, upon being asked who was in possession of the provisions, although he did not know, was ready to testify who had them; but upon being interrupted by the defense counsel who asked him from whom the detective seized them, he then stated that it was the detective who seized them and that he knew nothing about this particular.

Jorge Rodríguez testified that he met the other two defendants in the ward of Espinosa and went to the kiosk in Río Lajas; that upon arriving at the kiosk Torres broke open the door, took out the provisions, and carried them to the truck; and that Otero did not help him carry the provisions.

The testimony of detective Wilfredo Martinó as to the statements made by Torres in the presence of the defendants to the effect that the three had participated in the burglary, is not admissible nor is it evidence against Otero because he immediately denied the statement. This evidence is proof only against a person who is charged with having taken part in a crime and fails to deny it. The fact of failing to deny the statement when he could have done it, constitutes an admission because it is presumed that by not denying the statements he assents to it. 4 Wigmore, Evidence (3d ed. 1940), § 1071, p. 70.

Disregarding the testimony of the detective and that of policeman De Jesús, which is contradicted by the former with respect to the confession, we are met with the testimony of Mojica. It should be noted that defendants came to the latter for the purpose of making a compromise in order to avoid their prosecution. As the three defendants were together when they talked to said witness, it should be presumed that they did not all speak at the same time. It should not be inferred either that each of them repeated successively what

the previous one said. It is logical that one of them acted as spokesman for the others. And since their object was to convince Mojica to have the case dismissed, and if in order to attain that end the spokesman accepted that they had committed the crime, it was not to be expected that they should raise a discussion between them in order to avoid being prejudiced by the admission that anyone should make. As stated by Wigmore, there are cases where the silence of a party creates a presumption or inference against him; but this presumption derives all its force from the circumstances under which the statement is made which may call for a denial. *Id.*, at p. 71.

The testimony of policeman De Jesús, insofar as the admission of Otero is concerned, was contradicted by that of detective Wilfredo Martinó. Mojica's testimony which tends to incriminate the defendants is so inaccurate as to Otero that in our opinion it is insufficient to support a verdict against said defendant. Under such circumstances, the prosecuting attorney, as to Otero, has not proved his guilt beyond a reasonable doubt, and it being so, the court should have given him the benefit of the doubt by acquitting him.

The judgment shall be reversed as to defendant José Celso Otero who is acquitted, and the appeal is dismissed as to defendant Jorge Rodríguez who failed to file a brief.